**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SETIAWAN CAHYADI, | No. 09-70485 |
| Petitioner, | Agency No. A095-598-865 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2013**
San Francisco, California

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and SINGLETON,
Senior District Judge.***

Setiawan Cahyadi, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that Cahyadi's experiences in Indonesia do not amount to past persecution. *See Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009). Substantial evidence also supports the agency's conclusion that Cahyadi failed to establish a well-founded fear of future harm because, even as a member of a disfavored group, he failed to demonstrate a sufficient individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184 (9th Cir. 2003). Further, the record does not compel the conclusion that there is a pattern and practice of persecution against Chinese Christians in Indonesia. *See Wakkary*, 558 F.3d at 1061. Accordingly, Cahyadi's asylum claim fails.

Because Cahyadi failed to establish eligibility for asylum, he necessarily fails to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's finding that Cahyadi did

not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Indonesian government. *See Wakkary*, 558 F.3d at 1067–68. Accordingly, his CAT claim also fails.

**PETITION FOR REVIEW DENIED.**